IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MICHAEL BARRY MEADE,

    Plaintiff,

v.

SHERIFF TYSON STEVENS; OFFICER SHAW; OFFICER FAYE; OFFICER BRENDA; OFFICER CHRIS; OFFICER JAMES; OFFICER JONES; OFFICER KEITH; and OFFICER JESSIE,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-33

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, who is currently incarcerated at the Federal Correctional Complex-Allenwood in White Deer, Pennsylvania, submitted a Complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at the Emanuel County Jail in Swainsboro, Georgia. (Doc. 1.) The Court ordered Plaintiff to amend his Complaint before frivolity review, (doc. 10), and Plaintiff subsequently filed a Motion to Amend Complaint with a Proposed Amendment, (doc. 11). For the reasons set forth below, I **RECOMMEND** that the Court **DENY** Plaintiff's Motion to Amend, **DISMISS** Plaintiff's Complaint, and **CLOSE** this case for failure to state a claim and failure to follow this Court's Order. Additionally, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

## **BACKGROUND**

Plaintiff's original Complaint included a litany of claims, occurring on a variety of dates, and without any specific details regarding which Defendants were associated with which claims.

Plaintiff's allegations ranged from mildew in the showers to scabies outbreaks and lack of legal access. This Court issued an Order directing Plaintiff to amend his "shotgun pleading," (doc. 10, p. 4), and in response, Plaintiff filed his Motion to Amend, (doc. 11). However, his Proposed Amended Complaint simply drops two Defendants and reiterates the allegations from his Amended Complaint, albeit in nicer handwriting and better constructed sentences. (Id. at pp. 2–5.) Plaintiff still fails to provide specific dates and details regarding Defendants, and in fact, Plaintiff has omitted the relevant dates altogether. Additionally, Plaintiff asks this Court to grant relief for "any future federal prisoner[s] being housed at Emanuel County Jail." (Id. at p. 2.)

**STANDARD OF REVIEW**

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a Complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . .

a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse

mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Dismissal for Failure to State a Claim and Failure to Follow this Court's Orders

This Court issued an Order directing Plaintiff to amend his Complaint and provided specific instructions as to how Plaintiff could amend to state a plausible claim. Specifically, the Court instructed Plaintiff to "include which claim or related claims (or, alternatively, which claims against which Defendants) Plaintiff wishe[d] to pursue in this action," and that he could file separate complaints for his other claims. (Doc. 10, p. 4.) However, Plaintiff ignored the Court's instructions and instead re-submitted a Complaint very similar to his original filing.

Plaintiff's Amended Complaint is still a "shotgun pleading" that is unclear as to which facts are "material to the particular cause of action asserted." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quoting Strategic Income Fund, L.L.C. v. Spear, 305 F.3d 1293, 1295 n.9 (11th Cir. 2002)). And despite the Court specifically reminding Plaintiff that he cannot "join unrelated claims and various defendants unless the claims 'arise out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action[,]'" Plaintiff fails to follow this directive and attempts to do the very same. (Doc. 10, p. 4) (citing Fed. R. Civ. P. 20(a)).

The Court warned Plaintiff in its Order that if he "does not file an appropriately amended complaint, the Court may dismiss this action for failure to prosecute and failure to follow this Court's Orders." (Id.) (citations omitted). Accordingly, the Court should **DISMISS** Plaintiff's Complaint not only for failure to state a claim, but also for failure to follow this Court's Orders.

4

See Taylor v. Spaziano, 251 F. App'x 616, 620–21 (11th Cir. 2007) (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint).

## II.     Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[1]  Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[1] A certificate of appealability is not required in this Section 1983 action.

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** that the Court **DENY** Plaintiff's Motion to Amend, **DISMISS** Plaintiff's Complaint and **CLOSE** this case. Additionally, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 9th day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA